# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50059
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY ASHLEY HOPPER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-65-3

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Johnny Ashley Hopper appeals from the revocation of his term of probation and the imposition of a five year term of imprisonment. He contends that the district court failed to offer adequate reasons for imposing the five year term and that the sentence was substantively unreasonable. We review both contentions for plain error. *See United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50059

The district court's explanation for the five year sentence addressed Hopper's history and characteristics, the need to deter future crimes, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(6). Moreover, the record indicates that the district court listened to and considered Hopper's argument before imposing sentence. *See Rita v. United States,* 551 U.S. 338, 356 (2007). The district court adequately explained the reasons for the sentence. *See Kippers,* 685 F.3d at 498.

Hopper's reasonableness contention is in part predicated on the district court's alleged failure to address the § 3553(a) sentencing factors. Because those factors were addressed, Hopper's contention is unavailing. Hopper's argument otherwise seeks to have this court reweigh the § 3553(a) factors, something this court will not do. *See United States v. McElwee,* 646 F.3d 328, 343-44 (5th Cir. 2011)

AFFIRMED.